IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WILLIE OTIS HARRIS,<br>　　　Plaintiff, | §<br>§<br>§ | |
| v. | §<br>§ | No. 3:26-CV-1316-X-BW |
| CITY OF RED OAK, TEXAS, et al.,<br>　　　Defendants. | §<br>§<br>§ | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

On May 19, 2026, Defendants City of Red Oak, Texas; Omar Marquez; Aaron Lockhart; City of Glenn Heights, Texas; Officer Kellis; Officer Occasio; Yana Ndingwan; City of Lancaster, Texas; and Sgt. Logan (collectively "Defendants") filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(5).  The undersigned magistrate judge enters these findings, conclusions, and recommendation pursuant to the automatically referral for case management made by Special Order 3-251.  (*See* Dkt. No. 1.)

Because the motion is premised on a factual inaccuracy that is not evident to Defendants, the undersigned magistrate judge recommends that the motion be denied and that, if necessary, Defendants' deadlines to file an answer or other response to the complaint be extended for a reasonable period.

## I.  BACKGROUND

On April 23, 2026, Plaintiff Willie Otis Harris, appearing pro se in this action, filed a complaint asserting claims under 42 U.S.C. § 1983.  (*See* Dkt. No. 3.)  He

neither paid the filings fees nor filed a motion to proceed in forma pauperis ("IFP")

at that time, so the undersigned entered a Notice of Deficiency and Order the

following day alerting Harris to this failure and ordering him to either pay the filings

fees or submit an IFP application within 21 days.  (Dkt. No. 5.)  The order stated

that process—i.e., summonses—would not be issued except upon order of the Court.

(*Id.*)

Although not evident in the public record, Harris paid the filings fees on April

24, and a record of his payment was posted on April 27.  The Clerk issued

summonses for the defendants on April 24 and May 13 (*see* Dkt. Nos. 6, 8), and

Plaintiff filed proofs of service as to several of these defendants on May 13 (*see* Dkt.

No. 7).

In the instant motion to dismiss, Defendants contend that they have not been

properly served in this action because the summonses were prematurely issued before

the Court completed judicial screening in this case and authorized their issuance.

## II.  LEGAL STANDARDS AND ANALYSIS

When a plaintiff seeks to proceed with a lawsuit without paying the required

court filing fees, he must file an application to proceed IFP seeking authorization to

do so.  *See* 28 U.S.C. § 1915(a)(1).  When a plaintiff proceeds IFP, the Court

routinely withhold issuance of summonses pending the Court's completion of

judicial screening under 28 U.S.C. § 1915(e)(2).  *See, e.g.*, *Barnes v. Walters*, No. 3:21-

CV-3099-X (BT), 2022 WL 18776172, at *1 (N.D. Tex. Sept. 7, 2022), *accepted*, 2023

WL 2065058 (N.D. Tex. Feb. 15, 2023); *see also Leeper v. Carte Blanche*, No. 3:23-CV-1091-E-BN, 2024 WL 1218550, at *2 (N.D. Tex. Mar. 20, 2024) ("A court may withhold service where the plaintiff proceeds *in forma pauperis* pending the court's screening of the complaint for frivolousness under Section 1915."). When the plaintiff pays the filing fee, however, judicial screening under § 1915 is no longer a basis to withhold service, and the plaintiff may proceed with his lawsuit.

Here, Harris paid the court filing fees on April 24, 2026. Although the Court had not yet entered an order authorizing the Clerk to issue summonses, there was no legal impediment to doing so. Because Harris received summonses that he was otherwise able to obtain at that time, Defendants' arguments that the summonses were premature should be rejected and their motion denied.

### III. RECOMMENDATION

The undersigned **RECOMMENDS** that Defendants' motion to dismiss (Dkt. No. 9) be **DENIED** and, if requested, Defendants be given a reasonable extension of their deadline to file an answer or other response to the complaint allowed by Fed. R. Civ. P. 12.

**SO RECOMMENDED** on May 19, 2026.

BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

-3-

## INSTRUCTIONS FOR SERVICE AND
## <u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

-4-